### John Dobbin v. City of San Antonio.

#### (June 17, 1881.)

Municipal charter, how amended.— The act of the legislature of April 24, 1874, which provides that the board of aldermen of any incorporated town or city may submit amendments to the charter to the qualified electors thereof, and in the event a majority of the votes cast shall be in favor of such amendments· they shall be adopted, etc., is constitutional.

Judgments of recorders' courts.— The recorder's court of a city is recognized by the general statutes appertaining to both civil and criminal jurisdiction, and its judgments are no more the subjects of collateral attack than are the judgments of the inferior state courts.

Appeal from Bexar county.   Opinion by Watts, J.

Statement.— On September 5, 1877, John Dobbin, the city marshal of the city of San Antonio, filed his petition in the district court of Bexar county, claiming of the city fees and commissions on fines to the amount of $6,181.12, alleged to have accrued to him in some three thousand two hundred and forty-seven cases tried in the city recorder's court from January 18, 1875, up to and including February 28, 1877.   Interest to the amount of $530 is also claimed. He had been re-elected to the office, etc.   The fees claimed

had all accrued in cases arising under the ordinances of the city of San Antonio.

He bases his right to fees on article 131 of the city charter (Special Laws of Twelfth Legislature, called session, p. 263), and complains that ever since January 18, 1875, the recorder, on the plea that the city council had prohibited it, refused to enter up judgment against parties convicted for the marshal's fees and commissions on fines; that said officer, however, not being sure that he was right in his refusal, whenever fining parties, increased the fines by just so much as the marshal's fees and commissions, had they been taxed, would have amounted to; that all those fines, so including and embracing the marshal's fees and commissions, were paid into the city treasury; that he twice petitioned the city council to pay him his fees, etc., and that they refused his petition.

In his amended petition the marshal also refers to section 230 of the charter (pp. 281, 282 of the Special Laws of Twelfth Legislature, called session), and, without naming them, to certain unrepealed city ordinances guarantying to him and promising to pay to him the fees and commissions claimed; charges that the recorder based his refusal to allow the fees on the so-called amendment to the charter set up in defendant's amended answer; that the city had used that fund for its own benefit, and delayed action on his petitions so long that the plea of limitation ought to be inapplicable. Finally, he again asserts that there is no legal amendment to the charter, and that all efforts in that direction were unconstitutional.

The city demurred and excepted generally and specially to both the original and amended petition, and answered that by an amendment to the charter of the city, adopted in accordance with the act of April 24, 1874, that the appellant was not entitled to any fees claimed by him, setting up the amendment. On December 18, 1877, the cause came on for trial and the court sustained appellee's exceptions to appellant's original and amended petition, and appellant refusing to amend judgment was rendered

against him for costs, etc., and that appellee go hence; appellant brings the case before the court by appeal and assigned errors.

OPINION.— The first proposition urged by counsel for appellant directly involves the constitutionality of "An act to provide for the amendment of town and city charters," approved April 24, 1874, which provides that the board of aldermen of any incorporated town or city may submit amendments to the charter to the qualified electors thereof, and in the event a majority of the votes cast shall be in favor of such amendment, then they shall be considered ratified and adopted, and taken and held to be a part of the organic law of such town or city. Appellant claims that this act is in violation of the provisions of the constitution of 1869, providing the mode and manner of enacting and amending laws.

The city of San Antonio was incorporated by special or local act of the legislature, approved August 13, 1870, and it is therein declared that it shall be deemed a public act, and may be read in evidence without proof, and that judicial notice be taken thereof in all courts and places. The argument proceeds upon the idea that this being a public act, it could only be amended by the legislature re-enacting the section or sections to be amended. And that this attempt to confer the power upon a town or city so chartered, to amend its organic law, by vote of the people, was in contravention of the constitution and therefore void.

Taking into consideration, alone, the sections of the constitution cited by appellant in support of the proposition, and we are not prepared to say but that the objection would be well taken and the act of 1874 declared to have no warrant in the constitution. The question, however, should not be considered as confined to the limits suggested. Constitutions, like statutes, must be considered and construed with reference to being an entire instrument, so as to give effect to every section and clause and to the

same as a whole, and in doing so the plain import of the words in which it is written should be considered as expressing the true meaning. Cooley's Constitutional Limitations, 57 and 58.

An amendment to section 40 of the general provisions of the constitution of 1869 took effect January 26, 1874. The amended section provides that the legislature shall not pass local or special laws incorporating cities and towns, or changing and amending their charters, but requiring the legislature to pass general laws providing for such cases.

After the adoption of that amendment it was beyond the power of the legislature to pass any act directly amending the charter of San Antonio, which was a local and special and not a general law. And this is true notwithstanding it is declared public for certain purposes. The question then arises, did the amended section of the constitution authorize the passage of the act of 1874?

The legislature could not re-enact so as to amend any part of the act constituting the charter of the city of San Antonio. No local or special law could be passed incorporating towns and cities or changing or amending their charters, but the legislature is required to provide for such cases by general law, not that the general law shall, of itself, constitute the amendment, but that a means to change or amend such charters shall be provided applicable alike to all the towns and cities of the state.

Pursuant to that requirement the legislature passed the act of 1874, leaving it to the people directly interested in the matter to vote upon and adopt or reject proposed amendments to their municipal charters. And whether, in selecting this mode, the legislature adopted the wisest and most practical way of meeting the requirements, is not for us to consider; that was a matter pertaining to legislative and not judicial discretion.

The only question with which we have to do is one of power: Did the legislature have the constitutional power to accomplish the object in that way? The impracticabil-

ity of enacting a general law that would, of itself, constitute an amendment to the different and diverse charters of the various towns and cities in the state forbids the idea. that such was intended by the constitution. In the very nature of things it must have been intended to confer upon the legislature the power to provide some means by which such amendments and changes could be made, by some authority pertaining to the particular municipal corporation familiar with its wants and necessities.

The generally accepted doctrine is that the adoption or rejection of a general law cannot be submitted to and made dependent upon the vote of the people of the state. Cooley on Const. Lim., 120. But on the other hand the general rule is, that any legislation pertaining to municipal corporations may be submitted to and made dependent upon the vote of the people to be affected thereby. Cooley on Const. Lim., 118, and note 2.

The constitution requires the legislature to provide the means by general law by which these charters may be changed or amended, and it is not perceived how this could have been accomplished in a manner more consistent with our idea of government than to submit such amendments to the vote of the people directly interested. It is our conclusion that the act of April 24, 1874, is constitutional, and that any amendment to the charter of San Antonio adopted in accordance therewith is legal and binding.

Appellant claims that after the adoption of the amendment to the charter of the city of San Antonio, the recorder refused to tax the marshal's fees as such, in cases tried before him for violations of the ordinances of the city. But that in view of the fact that appellant might thereafter establish his right to such fees, under the guise of imposing fines, the recorder would increase the same so as to include also the amount claimed by appellant as fees, and have these amounts collected and paid into the city treasury. And that all he claims as fees in this suit were, in fact, collected and in this way paid into the treasury of the city.

The recorder's court is recognized by the act of incorporation and also by the general statutes appertaining to both civil and criminal jurisprudence. That court is fully authorized to hear, adjudicate upon and determine all matters committed to it, either by the charter and ordinances or the general laws of the state.

The adjudications of recorders' courts, upon matters within their jurisdictions, are final and conclusive, until vacated or set aside in some of the modes prescribed by law. Such judgments are no more the subjects of collateral attack than are the judgments of the inferior state courts.

No collateral examination could be had into the reasons or motives that actuated the recorder in the discharge of his duty as a judicial officer, so long as he does not exceed the discretionary limits given him by law. But suppose it could be done, and it should be determined that this judicial officer, ever cautious in the discharge of his duties, should increase the fines fixed by him so as to cover some remote contingency, still this would not give appellant a right of action against the city. The marshal has no interest in the money arising from fines; that is disposed of by law. If he is entitled to fees they must be collected as such from the parties convicted. And if the recorder should refuse to include such fees in the taxation of costs, then a motion to retax and appeal or *certiorari* furnishes him a remedy. And if it should be shown that the recorder, with respect to this matter of fees, has acted corruptly or with the intent to injure appellant, it might be that he would have cause of action against the recorder individually. But a trust against the city and in behalf of the appellant could not arise out of the wrongful or irregular adjudications of the judicial officers of the corporation. There being no error, judgment affirmed.