THE STATE, JOHN P. DEXHEIMER, PROSECUTOR, v.
THE CITY OF ORANGE ET AL.

"An act concerning certain cities of the second class, permitting the consolidation of offices, and relating to the election, appointment, terms, duties and compensation of officers," approved March 22d, 1895 (*Gen. Stat., p.* 503), is unconstitutional because it is local and special, in regulating the internal affairs of cities, and also because it attempts to delegate to those cities embraced within its provisions the power to legislate.

---

On *certiorari.*

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the prosecutor, *Chandler W. Riker.*

For the defendants, *Edward M. Colie.*

The opinion of the court was delivered by

GUMMERE, J. The prosecutor was, on May 7th, 1895, appointed to the office of street commissioner of the city of Orange, for the term of three years. On May 4th, 1896, the common council of that city passed a resolution declaring his office vacant. On May 7th the resolution was removed by *certiorari* into this court for review. On May 8th, the common council reconsidered that resolution, and subsequently, at the same meeting, introduced an ordinance consolidating the office of the prosecutor and the city engineer into that of city engineer. This ordinance was finally passed on May 11th, and its validity is now sought to be tested by these proceedings.

The foundation of the ordinance in question is "An act concerning certain cities of the second class, permitting the consolidation of offices, and relating to the election, appointment, terms, duties and compensation of officers," approved March 22d, 1895. *Gen. Stat., p.* 503.

This act confers upon the common council or other legislative body of any city of the second class in this state, having a population of less than thirty-five thousand, power to consolidate any two public offices of said city, or of any of its departments, and to enact that the duties of the offices so consolidated shall thereafter be performed by one and the same person, and it is conceded by the prosecutor that it, in terms, justifies the action of the municipal defendant. He insists, however, that, notwithstanding the statutory foundation upon which the ordinance rests, it must fall, for the reason that the statute itself is void, because it is violative of that provision of our constitution which prohibits the passage of any local or special law regulating the internal affairs of towns or counties. And this objection to the statute is, in our opinion, well taken. The act operates not upon all the cities of the state, not even upon all cities of the second class, but only upon those cities of the second class which have a population of less than thirty-five thousand. Now, although the classification of cities upon the basis of population, for the purposes

of legislation, has frequently been held by our courts to be legitimate, yet it is only so in those cases in which population bears a reasonable relation to the subject to which the legislature has applied it; and if such classification is plainly illusory, it cannot be made the means of evading the constitutional interdict. *Paul* v. *Gloucester County*, 21 *Vroom* 585; *Warner* v. *Hoagland*, 22 *Id.* 62; *Mortland* v. *Christian*, 23 *Id.* 521; *Helfer* v. *Simon*, 24 *Id.* 550.

The purpose of the act under consideration is the consolidation of offices in cities. What relation does a fixed number of inhabitants (within certain limits) bear to this subject? How is it germane to the law? It is said that cities which have more than thirty-five thousand inhabitants require a more elaborate system of government, and a greater number of officers than cities having a smaller population, and therefore are properly excluded from the operation of the statute; but this reason demonstrates the law to be special because of its failure to include within its operation cities of the third class—that is, those having less than twelve thousand inhabitants. No reason is perceived why cities having a population of over twelve thousand and less than thirty-five thousand should be empowered to consolidate any and all of their offices, which will not apply either to cities having a larger population than that specified, or else to cities having a smaller one. The act regulates the internal affairs of cities; it is special and local in its operation, and therefore unconstitutional and void. This being so, the ordinance brought here for review is also a nullity and must be set aside.

The act of 1895 is also objectionable, because it attempts to delegate to municipal bodies powers which can only be exercised by the legislature itself. By its terms the common council cannot only consolidate any two public offices of the city, but they have power by ordinance to fix and determine the nature of the duties of the consolidated office, and to a certain extent to fix the length of the term for which the holder thereof shall be elected or appointed.

By the exercise of these powers, common council can

change the whole scheme of government provided by the charter of its city. It can reduce the number of its councilmen one-half by consolidating the office of one councilman with that of another. It can wipe out of existence the office of mayor by consolidating it with that of one of the members of council, and thus merge the executive in the legislative branch of the municipal government.

Through the powers conferred by this act, I see no reason why common council cannot, by a series of consolidation, concentrate most, if not all, of the functions of government in one and the same person.

That this statute attempts to delegate to common council the law-making power, and is therefore in disregard of that article of the state constitution which declares that the legislative power shall be vested in a senate and general assembly, seems clear. *Sanford* v. *Common Pleas of Morris*, 7 *Vroom* 72.

But we are told by counsel for the defendants that the validity of the ordinance before us ought not to be passed upon in this proceeding because Mr. Dexheimer has no standing to prosecute the writ. The argument is that, by virtue of the resolution of common council passed May 4th, declaring the office of a street commissioner vacant, the prosecutor ceased to hold that office, and that the reconsideration of that resolution on May 8th did not operate to restore him to his office for the reason that, the resolution having been previously removed into this court by *certiorari*, the action of common council in reconsidering it was absolutely void.

It is not necessary to stop to discuss the effect of the action of council in reconsidering the resolution of May 4th, for, admitting the position of counsel that such action was a nullity, we still think that the prosecutor is entitled to contest the validity of the ordinance under review. By the resolution of May 4th it was attempted by common council to remove him from his office. Their action was challenged by him and the resolution removed into this court in order that its validity might be judicially determined. Now, if the

prosecutor cannot maintain the present proceeding, the result is that, even if it be finally determined that common council had no right to remove him from his office, such determination will be of no avail so far as he is concerned, for the office will then have been wiped out of existence by a void ordinance, the illegality of which he, however, was unable to have passed upon by reason of the original illegal action of common council. If this be the true situation, it is no longer a matter of practical moment whether an ordinance or resolution removing a person from office is valid or not, for if it is invalid the desired result can readily be accomplished by the passage of a second invalid ordinance, somewhat different in its apparent object, but in effect the same so far as the ousting of the officeholder is concerned.

A municipality cannot, by the passage of two void ordinances or resolutions, bring about the same result as would be produced by the passage of one valid one.

The ordinance in question will be set aside and judgment entered for the prosecutor, with costs.