PINELLAS PARK DRAINAGE DISTRICT, A CORPORATION, *et al.*, *Appellants*, v. EMIL F. KESSLER, *Appellee*.

Opinion Filed May 4, 1915.

1. The lawmaking power of the Legislature of a State is subject only to the limitations provided in the State and Federal Constitutions; and no duly enacted statute should be judicially declared to be inoperative on the ground that it violates organic law, unless it clearly appears beyond all reasonable doubt that under any rational view that may be taken of the statute, it is in positive conflict with some identified or designated provision of constitutional law.

2. Section 5, Article IV of the Constitution relates to taxes

imposed for State, county and municipal purposes, and does not apply to special assessments based upon benefits to property resulting from local improvements.

3. There is no provision of the constitution requiring special assessments for local benefits by drainage operations, to be levied by the county commissioners; and it is within the power of the Legislature to authorize such special assessments to be made by the Board of Supervisors of an incorporated drainage district as is done by Chapter 6458 Acts of 1913.

Appeal from Circuit Court for Pinellas County; F. A. Whitney, Judge.

Decree reversed.

*Cook, Spear* and *Dishman,* for Appellants;

*Davis, Pierce* & *Sellars,* for Appellee.

WHITFIELD, J.—The bill of complaint herein is as follows:

"Emil F. Kessler, of Pinellas County, Florida, brings this his bill, against Pinellas Park Drainage District, a corporation organized under Chapter 6458 of the Laws of Florida, and D. D. Stine, P. J. McDevitt and J. R. Shoecraft, the Board of Supervisors of said District, all of Pinellas Park, in Pinellas County, Florida.

And thereupon your orator complains and says:

1. That he is a tax payer and qualified elector of Pinellas County, Florida, and the owner of the following described real estate in said county, of which he is now in the actual possession, to-wit: The Southeast quarter

560     SUPREME COURT OF FLORIDA.

Pinellas Park Drainage Dist. *et al.*, v. Kessler—Opinion of Court.

(SE1-4) of the Southwest quarter (SW1-4) of the North-east quarter (NE1-4) of Section Twenty-eight (28), Township Thirty South, Range Sixteen (16) East.

2. That the defendant, Pinellas Park Drainage District, is a corporation duly and regularly organized under and pursuant to the provisions of Chapter 6458 of the Laws of Florida, the said district embracing some fifteen thousand acres of land in the vicinity of the Town of Pinellas Park, Florida, and within which boundary of land the above described tract of ten acres, belonging to your orator, is situated; and that the defendants, D. D. Stine, P. J. McDevitt and J. R. Shoecraft constitute the Board of Supervisors of said Pinellas Park Drainage District, duly and regularly selected and elected pursuant to the provisions of said Chapter 6458 of the Laws of Florida, the said D. D. Stine being the president of said Board, the said P. J. McDevitt, the secretary thereof and the said J. R. Shoecraft, the treasurer thereof.

3. That said Board of Supervisors, as soon as said District was organized, acting under and pursuant to the provisions of Section 10 of said Chapter 6458, duly and regularly levied a uniform tax of thirty-five (35c) cents per acre on each acre of land in said District, to be used for the purpose of paying expenses incurred or to be incurred in organizing said District, thereby imposing upon the lands of your orator a tax of $3.50.

4. That thereafter this court, under and pursuant to the provisions of said Chapter 6458, duly and regularly appointed three commissioners to appraise lands within and without said District to be acquired for rights of way, &c., and to assess benefits and damages accruing to all lands in said District by reason of the execution of

VOL. 69, JANUARY TERM, 1915.        561

Pinellas Park Drainage Dist. *et al.*, v. Kessler—Opinion of Court.

the plan of reclamation adopted by said District; that said commissioners thereafter filed their report appraising lands and assessing benefits as required by said law, which report was duly and regularly approved and confirmed by your honor; that, among other things, said commissioners' report assessed the value of the benefits to accrue to your orator's said land from the execution of said plan of reclamation at the sum of $45.00 per acre or a total value of $450.00; that, following the confirmation of said report, the said Board of Supervisors, acting under and pursuant to the provisions of Section 17 of said Chapter 6458, duly and regularly apportioned to and levied on each tract of land in said District a tax in proportion to the benefits assessed against such tract by said commissioners, thereby imposing upon your orator's said land a total tax of $243.12, to be collected in annual installments during the next thirty years, as provided for in Section 18 of said Chapter.

5.   That said levies of taxes have been duly and regularly certified to the circuit court clerk and tax collector of said county and now, according to the provisions of said Chapter of laws, constitute a lien against the said lands of your orator, incumbering the same, casting a cloud thereon, and impairing the saleable value thereof, to the extent of the levies above set out.

Now, your orator is advised and so alleges, that said levies are illegal and void, in this, that said Chapter 6458 of the Laws of Florida is unconstitutional and void insofar as it confers upon the Board of Supervisors of a drainage district organized thereunder the power to impose or make levies of taxes upon the lands of such district; that, under Section 5, Article 9 of the constitution of this State, the Legislature could not confer such taxing power

upon said Board of Supervisors, but upon the county commissioners only.

Wherefore, the premises considered, your orator prays that Pinellas Park Drainage District, D. D. Stine, P. J. McDevitt and J. R. Shoecraft, constituting the Board of Supervisors of said District, all whom are made defend-ants to this bill, be required to make full and direct answer to the same, but not under oath, the answer under oath being hereby expressly waived; that, on final hearing the said levies of taxes upon your orator's said land be adjudged null and void, for want of constitutional power in said Board of Supervisors to levy the same, that said levies be cancelled, set aside and held for naught and removed as a cloud upon said land, and the defendants perpetually enjoined from collecting any part of either the said $3.50 or the said $243.12; and that your orator be decreed such other and further relief as equity may require and to the court shall seem meet.

And may it please your honor to grant your orator a subpoena in chancery, directed to the Sheriff of Pinellas County, Florida, commanding him that he summon the said defendants, Pinellas Park Drainage District, and D. D. Stine, P. J. McDevitt and J. R. Shoecraft, as the Board of Supervisors thereof, to appear before this court on the first Monday in May, 1915, then and there to answer to this bill."

The defendants demurred to the bill of complaint on the ground that "Chapter 6458 of the Laws of Florida, insofar as it authorizes the Board of Supervisors of Pinellas Park Drainage District to levy the tax mentioned in the bill of complaint is constitutional and valid; that the Legislature of the State of Florida had the constitutional power to so legislate; that there is nothing in said consti-

tution prohibiting the Legislature of the State from vesting the taxing power for said Drainage District in said Board of Supervisors; that Section 5 of Article 9 of said constitution has no bearing upon the validity of said Chapter 6458; and that, for these reasons, no cause of action is stated in the bill of complaint, and the complainant is not entitled to the relief therein prayed for."

The court overruled the demurrer, and the defendants declining to answer or plead further, a decree was rendered on the bill of complaint and the defendants appealed.

The only error assigned is that the court erred in overruling the demurrer.

The sole question presented is whether Chapter 6458 Acts of 1913, conflicts with Section 5 of Article IX of the Constitution, which is as follows: "The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits. The Legislature may also provide for levying a special capitation tax, and a tax on licenses. But the capitation tax shall not exceed one dollar a year and shall be applied exclusively to common school purposes."

The lawmaking power of the Legislature of a State is subject only to the limitations provided in the State and Federal Constitutions; and no duly enacted statute should be judicially declared to be inoperative on the ground that it violates organic law, unless it clearly appears beyond all reasonable doubt that under any rational view that may be taken of the statute, it is in positive conflict

with some identified or designated provision of constitutional law. City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769.

The section of the constitution above quoted relates to taxes imposed for State, county and municipal purposes, and does not apply to special assessments based upon benefits to property resulting from local improvements. See Anderson v. City of Ocala, 67 Fla. 204, 64 South. Rep. 775. There is no provision of the constitution requiring special assessments for local benefits by drainage operations, to be levied by the county commissioners; and it is within the power of the Legislature to authorize such special assessments to be made by the Board of Supervisors of an incorporated drainage district as is done by Chapter 6458 Acts of 1913. See Mound City Land & Stock Co. v. Miller, 170 Mo. 240, 70 S. W. Rep. 721, 60 L. R. A. 190. 4 Dillon Mun. Corp. Sec. 1430, et. seq.

The decree is reversed.

TAYLOR, C. J., AND COCKRELL AND ELLIS, JJ., concur.

SHACKLEFORD, J., absent.