THE STATE OF FLORIDA, ex rel. VAN C. SWEARINGEN, ATTORNEY GENERAL, *Plaintiff in Error, v.* J. M. WATTERS, BEAL H. WILSON AND S. A. POYTHRESS, IN RE LAKE ASHBY DRAINAGE DISTRICT, *Defendants in Error.*

## Opinion filed April 19, 1918.

1. It is well settled that unless the charter 'or governing statute requires it the act of a corporation need not be evidenced by its corporate seal except where a seal would. be required in the case of an individual.

2. It is not essential to the validity of a Drainage District formed pursuant to the provisions of Chapter 6458, Acts of 1913, Laws of Florida, that the signatures of the petitioners upon the petitions for the creation and organization of such district, whether corporations or individuals, shall be under the seals of such petitioners.

Writ of Error to Circuit Court for Volusia County, J. W. Perkins, Judge.

Judgment affirmed.

*Tom B. Stewart,* for Plaintiff in Error.

*Giles J. Patterson* and *Murray Sams,* for Defendants in Error.

WEST, J.—An information in the nature of a *quo warranto* was filed on the 8th day of October, A· D. 1917, in the Circuit Court of Volusia County by the State of Florida upon the relation of the Attorney General against the respondents as Supervisors of Lake Ashby Drainage District located in Volusia county.

The prayer is that the respondents "be debarred from asserting the corporate existence of said purported Lake Ashby Drainage District" and that they be required to

answer "by what warrant or authority they claim to use, enjoy, exercise, assert and perform the franchise, functions and powers" of Supervisors of said District.

The alleged grounds of invalidity upon which the authority of the respondents to exercise and enjoy the rights and privileges of a Drainage District and Supervisors thereof is challenged, is that the petition praying for the creation and incorporation of said Drainage District was not properly signed by various land owners of said District who are corporations, and that none of the signatures to such petition on behalf of individuals or corporations are attested by witnesses.

It appears from the allegations of the information that this District was created and organized under authority of the provisions of Chapter 6458, Acts of 1913, Laws of Florida, providing for the creation and organization of such Districts.

The information was demurred to and upon a hearing on this demurrer the court below made an order sustaining it and dismissing the information. To review this order writ of error was taken.

The argument of counsel for plaintiff in error is limited to a discussion of the question of the sufficiency of the signing of the petition by the corporation land owners of said District and in order that the case may be decided on the merits and the question set at rest, we assume without deciding that the question raised may be properly presented in a proceeding of this character.

The statute authorizing the creation of such districts is as we have seen Chapter 6458 Laws of Florida, and the provision of the statute with respect to the petition required to be filed by the land holders is Section One (1) of this statute which reads as follows:

"The Board of Drainage Commissioners of this State,

or a majority, either in numbers or in acreage, of the holders of any contiguous body of, wet or overflowed lands, or lands subject to overflow, situate in one or more Counties in this State, may form a Drainage District for the purpose of having such lands reclaimed and protected from the effects of water, for sanitary or agricultural purposes, or when the same may be conducive to the public health, convenience or welfare, or of public utility or benefit, by drainage or otherwise, and for that purpose the said Board of Drainage Commissioners, or a majority of the owners, or the owners of a majority of the acreage of said lands may make and sign a petition, in which shall be stated: the name of the proposed drainage district, and the number of years the same is to continue; the boundary lines of the proposed drainage district; the names so far as known, and the last known post office address of the owners of lands or other property in said district, together with a general description of the lands and the approximate number of acres owned by each; when the name or post office address of the owner of any said lands or other property is unknown this fact shall be set out in said petition; said petition shall further state that the owners of the lands within said district whose names are subscribed to said petition are willing to and do obligate and bind the lands owned by them situated in the proposed drainage district to pay the tax or taxes which may be assessed against their respective lands to pay the expense of organizing and of making and maintaining the improvements that may be necessary to effect the reclamation of said lands, so formed into a drainage district, and to drain and protect the same from the effects of water, and said petition shall contain a prayer, asking that the lands described therein be

declared a drainage district under the provisions of this Act; said petition may be signed by the Board of Drainage Commissioners, or by a majority of the owners, or the owners of a majority of the acreage of said lands, or same may be signed by both said Commissioners and owners of lands. After said petition has been so signed, the same shall be filed in the office of the Clerk of the Circuit Court of the County in which such lands or the greater part thereof are situate."

The allegations of the information relative to the signatures of the several corporation petitioners is in the following words or language equivalent thereto: "That in the body of said petition it is represented that the Indian Springs Land Company is the owner of 18,847 acres of the land therein described, and that it had signed said petition, but it is represented and suggested to the court that the purported signing of said petition by the Indian Springs Land Company is in the following words, to-wit: 'Indian Springs Land Company, By John W. Kahney, President,' which is insufficient, illegal and void, as there is not any proper corporate authority shown or recited, and that to said purported signing there is not any corporate seal attested or affixed by any officer of said Indian Springs Land Company, which informant represents to be a corporation."

It will be observed that it is alleged that there is no "proper corporate authority shown or recited" for the signing of such petition. It is not alleged that no such authority existed.

The point however which is insisted upon is that the signatures of the corporation petitioners are not under the seals of such corporations and that therefore there is no proper basis for the creation of such District the result of such conclusion necessarily being that the Dis-

trict has no legal existence. This conclusion would follow if the premise upon which it is predicted were sound, but we think it is unsound. There is nothing in the statute requiring the signatures of petitioners proceeding pursuant to its provisions in the establishment of Drainage Districts to be under the seals of such petitioners.

It is now well settled here and generally elsewhere that unless the charter or governing statute requires it the act of a corporation need not be evidenced by its corporate seal, except where a seal would be required in the case of individuals· ˙Griffing Bros. v. Winfield, 53 Fla. 589, 43 South. Rep. 687; 10 Cyc. 1006; 2 Thompson on Corporations (2nd ed.) Sec. 1920; 3 Cook on Corporations (7th ed.) Sec. 721.

This court expressly held to this effect in the case of Griffing. Bros. v. Winfield, *supra*. The court at page 598 said: "The rule is now well established that unless its charter or governing· statute requires it a corporation may contract without the use of its corporate seal in all cases in which individuals can bind themselves without the use of a seal."

That the signatures of the individual petitioners are legally sufficient without seals is not questioned, and since it has not been made to appear that either the statutes or the charters of the corporation petitioners require their signatures to such petitions to be under their corporate seals it follows that the court below properly held that seals to such signatures were not essential to their validity and sustained the demurrer to the information.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.