This suit was brought to quiet the title to lands in a drainage district against assessments for drainage purposes, upon allegations of the invalidity of the statute and of the proceedings thereunder by which bonds were issued and assessments of taxes made to pay the bonds, the proceeds of the bonds being used to drain lands in the district. In effect the prayer is that the establishment of the drainage taxing district and the assessments made be adjudged invalid and a cloud upon complainants' title, that collections of the drainage taxes be permanently enjoined, for a temporary injunction against such drainage tax collections and for general relief. A temporary restraining order was affirmed. Burnett v. Green, 97 Fla. 1007, 122 So. 570.
The decree rendered on final hearing from which this appeal was taken, is set out in part in the opinion of Mr. Justice Ellis. Such decree holds the statute to be invalid, that all the proceedings had and the bonds issued under the statutes are invalid, that the proceedings for the validation of the bonds are invalid, that the benefits *Page 38 
actually accruing to the owners of the lands in the district by the drainage operations amount to $753,125.50 and no more and the decree vacates and declares null and void the decree establishing the drainage district; adjudges that the right and interest of the several defendants, known or unknown, in and to the lands in the district, is a proportionate several interest in each of those of them holding bonds issued by said district in an equitable lien for $753,125.50 in the proportion that each bond holding bears to the entire bond issue; the drainage tax records and books are cancelled, and the collection of the drainage taxes permanently enjoined, with provisions for ascertaining the respective individual rights in the equitable lien decreed to be on the lands for the proportionate amounts allowed on the total bond issue.
The drainage district was established in substantial compliance with the requirements of the statute, therefore if the statute is valid, the decree should be reversed for appropriate proceedings. The record does not clearly establish illegality in all of the bonds issued even though the legality of particular transactions and the validity of specific assessments as made may be challenged if the right to do so has not been lost by waiver, acquiescence or otherwise.
The validity of Chapter 6458, Acts of 1913, the general drainage law, sections 1451 (1098) et seq., C. G. L., has been adjudicated in McMullen v. Newmar Corporation, 100 Fla. —, 129 So. 870; Duval Cattle Co. v. Hemphill, 41 F.2d 433. See also Pinellas Park Drainage Dist. v. Kessler, 69 Fla. 558, 68 So. 668; State ex rel. v. Walters, 75 Fla. 584,78 So. 671; Towns v. State ex rel., decided at this term.
Section 11, Article V, of the constitution provides that "the circuit courts shall have * original jurisdiction of" *Page 39 
stated matters "and of such other matters as the Legislature may provide."
Chapter 6458 confers upon the circuit court "original and exclusive jurisdiction" to determine upon appropriate hearing whether "the establishment of the said drainage district and the improvements to be made thereunder will be for the advantage of the owners of the real property therein or that the same would be in the interest of the public health, convenience or welfare." The statute is a general law designed to operate throughout the State wherever defined conditions exist. The authority given to the circuit court by the statute is not to determine what the law shall be or upon subjects the law shall operate; but it is merely to ascertain whether in a particular locality the conditions exist with reference to the subjects upon which the general law complete in itself may operate by its own force. It being impracticable for the legislature to make these determinations itself, and, such determinations not being an exclusive legislativepower, the function to so determine, being administrative or quasi-judicial in its nature, may under section 11, Article V, constitution, be conferred upon the circuit courts within the limitations defined in the act without violating the provisions of Article II of the constitution that "no person properly belonging to one of the departments shall exercise any powers
appertaining to either of the others" with exceptions immaterial here.
Where the taxing district is not established by the legislature itself, but is to be formed by procedure under the statute, appropriate notice and opportunity to be heard must be given to afford due process of law; and such procedure may be in a judicial tribunal when not forbidden by organic law. 19 C. J. 615. McMullen v. Newmar Corp., supra. Houck v. Little River Drainage Dist., 239 U.S. 254. If the procedure is in an administrative *Page 40 
tribunal it is subject to judicial review. If the procedure is in a judicial tribunal it has the attributes accorded to it by the law.
There is nothing in the constitution forbidding a statute to authorize a finding by the circuit court that the establishment of a drainage district "will be for the advantage of the owners of the real property therein," or that the district "would be in the interest of the public health, convenience or welfare." Advantage or benefit to the owners of real estate in the area afford the considerations and reasons for establishing drainage districts under the authority of statutes. Wilton vs. St. Johns County, 98 Fla. 26, 123 So. 527.
The decree is reversed and the cause remanded for appropriate proceedings.
TERRELL, BROWN AND DAVIS, J.J., concur.
BUFORD, C.J., AND ELLIS, J., dissent.