This suit was brought by bill in chancery to quiet the title to lands in the drainage district against assessments for drainage purposes, upon allegations of the invalidity of the Statute and of the proceedings hereunder, by which bonds were issued and assessment of taxes made to pay the bonds, the proceeds of said bonds being used to drain lands in said district. In effect, the prayer is that the establishment of the drainage taxing district and the assessments made, be adjudged invalid and a cloud upon complainants' title to lands therein; that collection of the drainage taxes be permanently enjoined, and for general relief. A temporary restraining order was affirmed.
Burnett v. Green, 97 Fla. 1007, 122 So. 570.
The decree rendered on final hearing upon which this appeal was taken, in effect holds the statute to be invalid; that all of the proceedings had and the bonds issued under the Statute are invalid; that the proceedings for the validation of the bonds are invalid; that the benefits actually accruing to the owners of the lands in the district by the drainage operations amount to $753,125.50 and no more; and the decree vacates and declares null and void the decree establishing the drainage district; adjudges that the right and interest of the several defendants, known or unknown, in and to the lands in the district is a proportionate several interest in each of those of them holding bonds issued by said district in any equitable lien for $753,125.50 in the proportion that each bondholder bears to the entire bond issue. The drainage tax records and books are cancelled and the collection of the drainage taxes permanently enjoined with provision for ascertaining the respective individual rights in the equitable lien decreed to be on the lands for the proportionate amounts allowed on the total bond issue. *Page 67 
The drainage district was established in substantial compliance with the requirements of the Statute, therefore, if the Statute is valid, the decree should be reversed for appropriate proceedings. The record does not clearly establish illegality of all of the bonds issued, even though the legality of the particular transactions and the validity of the specific assessments as made may be challenged if the right to do so has not been lost by waiver, acquiescence, or otherwise.
The validity of Chapter 5458 Acts of 1913 of general drainage law, Sec. 1451 (1908) et seq., C. G. L., has been adjudicated in McMullan v. Newmar Corporation, 100 Fla. 566, 129 So. 870; Duval Cattle Co. vs. Hemphill, 41 F.2d 433. See also Pinellas Drainage District v. Kessler, 69 Fla. 558, 68 So. 668; State ex rel. v. Walters, 75 Fla. 584, 78 So. 671; Townes v. State ex rel., decided at June, 1931, term.
Article V, Sec. 11, of the Constitution provides that "the Circuit Courts shall have * original jurisdiction of," stated matters, "and such other matters as the Legislature may provide."
Chapter 6458 confers upon the Circuit Court "original and exclusive jurisdiction" to determine upon appropriate hearing whether "the establishment of the state drainage district and improvements to be made thereunder will be for the advantage of the owners of the real property therein, or that the same would be in the interest of the public health, convenience or welfare".
The Statute is the general law designed to operate throughout the State wherever defined conditions exist. The authority given to the Circuit Court by the Statute is not to determine what the law shall be, or upon what subjects the law shall operate; but it is merely to ascertain whether in a particular locality the conditions exist with reference to the subjects, upon which the general *Page 68 
law complete within itself, may operate by its own force. It being impracticable for the Legislature to make these determinations itself, and, such determinations not being an exclusive legislative power, the function to so determine being administrative or quasi-judicial in its nature, may under Sec. 11, Art. V, of the State Constitution, be conferred upon the Circuit Courts within the limitations defined in the Act without violating the provisions of Art. II, of the State Constitution, that "no person properly belonging to one of the departments shall exercise any powers appertaining to either of the others," with exceptions immaterial here.
Where the taxing district is not established by the Legislature itself, but is to be formed by procedure under the statute, appropriate notice and opportunity to be heard must be given to afford due process of law; and such procedure may be in a judicial tribunal when not forbidden by organic law.
 19 C. J. 615, McMullan v. Newmar Corporation, supra.
 Houch v. Little River Drainage Dist., 239 U.S. 254, 281 U.S. 74.
A more recent case, Memphis Charleston Railroad Co. v. Pace, 75 Law. Ed. 315. See also St. Louis S.W. R. R. Co. v. Nattin, 277 U.S. 157, 72 Law. Ed. 830; Valley Farms Co. v. Westchester Co., 261 U.S. —, 67 Law. Ed. 585; Miller Lux v. Sacramento S. J. Drainage Dist., 256 U.S. 129,65 Law. Ed. 859; Missouri Pacific Railroad Co. v. Western Crawford Road Improvement Dist., 266 U.S. 187, 67 Law. Ed. 237.
If the procedure is in an administrative tribunal it is subject to judicial review. If the procedure is in a judicial tribunal it has the attributes accorded to it by the law.
There is nothing in the Constitution forbidding a statute *Page 69 
to authorize a finding by the Circuit Court that the establishment of a drainage district "will be for the benefit of the owners of the real property therein," or that the district "would be in the interest of the public health, convenience, or otherwise." Advantage or benefit to the owners of real estate in the area afford the considerations and reasons for establishing drainage districts under authority of statutes.
Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527.
The decree is reversed and the cause remanded for appropriate proceedings.
TERRELL AND DAVIS, J.J., concur.
BROWN, J., concurs specially.
BUFORD, C.J., AND ELLIS, J., dissent.
WHITFIELD, J., disqualified.